### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 18-2044 |
| | : | |
| ST. JOSEPH'S UNIVERSITY, et al., | : | |
| Defendants. | : | |

## O R D E R

Plaintiff John Doe seeks emergency mandatory injunctive relief requiring Defendant St. Joseph's University to allow him to attend a ten-day class trip to Northern Ireland.  (Pl.'s Mot. TRO, Doc. No. 2.)  Because Plaintiff has not made out irreparable harm, I will deny his Motion.

As alleged, after a February 2018 incident with Defendant Jane Roe, Plaintiff—an SJU student—was found responsible by SJU of committing "sexual assault."  As a result, SJU placed Doe on a year's probation and put a notation on Plaintiff's record that he had committed "sexual assault."  (Mem. Law Supp. Pl.'s Mot. TRO 1–2, Doc. No. 2.)  SJU subsequently prohibited Plaintiff from participating in a ten-day school trip to Northern Ireland that was the "culminating event" of his semester-long English course:  "Identities in Conflict, Northern Ireland: Violence, Reconciliation and Community."  (Id. at 2.)  The trip is set to begin on Monday, May 21, 2018 (after SJU's semester ends).

Plaintiff alleges, *inter alia*, that "SJU's conduct in finding [him] responsible for 'sexual assault' violated Title IX and violated SJU's contractual and legal duties to provide [him] with the educational opportunities to which he is entitled, and to investigate and resolve disciplinary matters fairly and without gender bias."  (Pl.'s Mot. TRO 1–2.)  He seeks a temporary restraining order that would require SJU to "immediately take all steps necessary to restore Plaintiff's travel arrangements . . . permitting Plaintiff [to] finish [the course] by traveling with his class to

Northern Ireland from May 21, 2018 thru May 31, 2018." (Id. at 2.)  SJU responds that Plaintiff

has not shown irreparable harm and has very little likelihood of success on the merits of the

underlying dispute.  (SJU's Opp'n TRO 4–5, Doc. No. 4); see Carabello v. Beard, 468 F. Supp.

2d 720, 726 (E.D. Pa. 2006) (setting out four-factor temporary restraining order test).

"A failure to demonstrate irreparable injury must necessarily result in the denial of a

preliminary injunction." Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc., 306 F. App'x 727, 732

(3d Cir. 2009).  Plaintiff alleges that if he cannot join his class on the Ireland trip, he will:  (1) be

unable to continue or complete his education; (2) suffer humiliation and reputational harm

among his classmates, professors, and future employers who may ask about his trip; and (3)

suffer the denial of "full participation in a perspective-shaping, mind-opening, absolutely unique

college experience." (Mem. Law Supp. Pl.'s Mot. TRO 26–29.)

This is not irreparable harm.  It is undisputed that SJU has given Plaintiff alternative

means to complete the course.  (Id. at 31 n.15); compare Tully v. Orr, 608 F. Supp. 1222, 1225

(E.D.N.Y. 1985) (explusion from Air Force Academy just before examinations and graduation

constitutes irreparable harm).  Any purported reputational harm is speculative and attenuated.

See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (plaintiff must prove a "clear

showing of immediate irreparable injury" and "the requisite feared injury or harm must be

irreparable—not merely serious or substantial, and it must be of a peculiar nature, so that

compensation in money cannot atone for it" (internal quotations and citations omitted)).

Whatever reputational and career injury Plaintiff may suffer will likely be the result of SJU's

"sexual assault" finding and record notation, not Plaintiff's inability to travel to Northern Ireland.

Finally, although Plaintiff believes that he is being deprived of a life-changing, "mind-opening,

absolutely unique college experience," this harm does not rise to the level of "extreme

2

deprivation" that could warrant the mandatory injunction Plaintiff seeks.  (Id. at 29–30); Morton

v. Beyer, 822 F.2d 364, 373 (3d Cir. 1987); see also Layshock ex rel. Layshock v. Hermitage

Sch. Dist., 412 F. Supp. 2d 502, 508 (W.D. Pa. 2006) ("Additionally, while [Plaintiff's]

placement in the Alternative Curriculum Education Program is not academically ideal, the Court

is unable to find it so onerous that the harm to [Plaintiff] will truly be irreparable."); Fuller v.

Highway Truck Drivers & Helpers Local 107, 228 F. Supp. 287, 290 (E.D. Pa. 1964) ("The

inconvenience entailed by earlier rising and less desirable trip assignments, which plaintiffs

stress, has never been regarded as a type of damage immeasurable in dollars. Courts daily award

damages for pain, suffering and far more serious inconveniences.").

In sum, Plaintiff's allegations "simply do[] not establish the type of injury necessary to

invoke the injunctive power of the federal courts for interim relief."  Morton, 822 F.2d at 372;

see also Adams v. Freedom Forge Corp., 204 F.3d 475, 485 (3d Cir. 2000).  Accordingly, I will

deny his Motion.  In light of my decision, I will not address SJU's contention regarding

likelihood of success on the merits.

**AND NOW**, this 16th day of May, 2018, upon consideration of Plaintiff John Doe's

Motion for Temporary Restraining Order (Doc. No. 2), Defendant St. Joseph's University's

Opposition to a TRO (Doc. No. 4), and all related submissions, it is hereby **ORDERED** that

Plaintiff's Motion (Doc. No. 2) is **DENIED.**

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____

Paul S. Diamond, J.