IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO: 18-cv-2044 |
| SAINT JOSEPH'S UNIVERSITY | : |
| And | : |
| JANE ROE | : |
| Defendants. | : |

## ORDER

AND NOW, this ___ day of ___, 2018, upon consideration of Plaintiff's Motion for Summary Judgment on the Counterclaim of Defendant Saint Joseph's University and any response thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion is GRANTED. The Counterclaim set forth in Saint Joseph's Answer to Plaintiff's Complaint is DISMISSED with prejudice.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br><br>                Plaintiff,<br>v.<br><br>SAINT JOSEPH'S UNIVERSITY<br><br>And<br><br>JANE ROE<br>                Defendants. | CIVIL ACTION NO: 18-cv-2044 |

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1.  Plaintiff's claims against Defendant Saint Joseph's University ("SJU") arise out of its gender-biased investigation and adjudication of sexual assault charges made by Defendant Jane Roe ("Roe") against Plaintiff John Doe's ("Doe"). Plaintiff sued SJU on multiple grounds, including violating Plaintiff's rights under Title IX of the Education Act Amendment of 1972, 20 U.S.C. §1682 *et seq.* SJU filed a Counterclaim against Plaintiff seeking Attorney's Fees Pursuant to 42 U.S.C. 1988(b).

2.  SJU claims that it is entitled to attorney's fees because Plaintiff's claims "are frivolous, without foundation and lack any objectionable reasonable basis." It specifically asserts that "plaintiff's complaint contains frivolous and unreasonable allegations that SJU intentionally withheld information from plaintiff during its investigation in an attempt to embarrass, humiliate and otherwise punish him" and that Plaintiff "knows these allegations are unfounded."

3. The undisputed facts of this case plainly lay out three truths: First, that Plaintiff has never alleged SJU acted "in an attempt to embarrass, humiliate and otherwise punish him." To the contrary, Plaintiff's Complaint consistently alleges that SJU's conduct – which certainly caused Plaintiff, embarrassment and humiliation – was motivated by gender bias. Hence the Title IX claim. Second, the testimony establishes that SJU absolutely *did* withhold important and relevant (and exculpatory) information from Doe. It withheld the actual claims against him. It withheld text messages. It withheld photographs. It withheld Roe's disciplinary record. It withheld information about its own policies and procedures. Far from being "frivolous, without foundation and lack[ing] and objectionable [sic] basis," SJU's own employees establish that Doe's assertions that SJU withheld this information is true. And, third, the evidence shows that SJU withheld this information knowingly and deliberately. It was their policy. It was their practice. And it was never disclosed to their students. Plaintiff incorporates by reference his brief and exhibits thereto in support of his Motion for Summary Judgement and the averments set forth therein as if the same were set forth herein at length.

WHEREFORE, Plaintiff John Doe respectfully asks the Court to dismiss SJU's Counterclaim on the grounds that there are not genuine issues of material fact and that Plaintiff is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56.

Respectfully submitted,

Dated: September 24, 2018     BY: /s/ *John Mirabella*
John Mirabella, Esquire
john@mirabellalawfirm.com
Law Offices of John Mirabella
1600 Market Street, Suite 1810
Philadelphia, PA 19103
(215) 422-4991

Edward J. Schwabenland, Esquire
Schwabenland & Ryan
995 Old Eagle School Road, #306
Wayne, PA  19087
(610) 971-9200

Gregory A. Smith, Esquire
The Law Office of Gregory A. Smith, LLC
 Law Offices of John Mirabella
 1600 Market Street, Suite 1810
 Philadelphia, PA  19103
 (215) 422-4100
 Attorneys for Plaintiff