**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 18-cv-2044 |
| | : | |
| SAINT JOSEPH'S UNIVERSITY and | : | |
| JANE ROE, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW, to wit, this _____ day of _____, 2018, upon

consideration of Plaintiff's Motion for Summary Judgment on Defendant Saint Joseph's

University's Counterclaim and Defendant Saint Joseph's University's opposition thereto, it is

hereby ORDERED and DECREED that Plaintiff's motion is DENIED.

BY THE COURT:

_____
PAUL S. DIAMOND, USDJ

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOHN DOE,                                          :
                                                   :
                        Plaintiff,                 :
                                                   :          CIVIL ACTION NO.
        v.                                         :          18-cv-2044
                                                   :
SAINT JOSEPH'S UNIVERSITY, et al.                  :
                                                   :
                        Defendants.                :

**DEFENDANT SAINT JOSEPH'S UNIVERSITY'S**
**OPPOSITION TO PLAINTIFF JOHN DOE'S MOTION**
**FOR SUMMARY JUDGMENT ON SJU'S COUNTERCLAIM**

Defendant Saint Joseph's University ("SJU") opposes Plaintiff John Doe's ("John")

Motion for Summary Judgment on SJU's Counterclaim, as follows:

1.      SJU denies the allegations of paragraph 1, including the allegation that SJU's

investigation and adjudication of Jane Roe's ("Jane") sexual misconduct claim against John were

gender-biased.  By way of further response, SJU states that Plaintiff's Complaint (Dkt. No. 1)

and SJU's Counterclaim (included with Dkt. No. 8) speak for themselves.

2.      Pursuant to statute, SJU is entitled to an award of attorneys' fees if it prevails on

its defense of John's Title IX claim and the other claims that John filed against it.  By way of

further response, SJU states that Plaintiff's Complaint (Dkt. No. 1) and SJU's Counterclaim

(included with Dkt. No. 8) speak for themselves.

3.      SJU denies the allegations of paragraph 3.  By way of further response, SJU

incorporates herein by reference its Motion for Summary Judgment filed with this Court on

September 24, 2018 (Dkt. No. 58).

WHEREFORE, SJU asks this Court to deny John's Motion for Summary Judgment on

SJU'S Counterclaim against him.

                                        MONTGOMERY McCRACKEN
                                        WALKER & RHOADS LLP
                                        1735 Market Street
                                        Philadelphia, PA  19103
                                        215-772-1500
                                        *Attorneys for Defendant*
                                        *Saint Joseph's University*

Dated: October 8, 2018                  By: *s/ John M. Myers*
                                            JOHN M. MYERS
                                            jmyers@mmwr.com
                                            215-772-7535 (direct dial)

                                            ALBERT L. PICCERILLI
                                            apiccerilli@mmwr.com
                                            215-772-7590 (direct dial)

                                            ROBERT H. BENDER, JR.
                                            rbender@mmwr.com
                                            215-772-7595 (direct dial)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 18-cv-2044 |
| | : | |
| SAINT JOSEPH'S UNIVERSITY and | : | |
| JANE ROE, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT SAINT JOSEPH'S UNIVERSITY'S**
**MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF JOHN DOE'S MOTION**
**FOR SUMMARY JUDGMENT ON SJU'S COUNTERCLAIM**

Defendant Saint Joseph's University ("SJU") opposes Plaintiff John Doe's ("John")

Motion for Summary Judgment on SJU's Counterclaim.  SJU is entitled to an award of

attorneys' fees in this action if it should prevail in its defense of John's Title IX claim and the

other claims that John filed against it.

I.     **THE UNDISPUTED FACTS**

Plaintiff continues with his *ad hominem* attacks on SJU, finding himself unconstrained by

the facts and the applicable law.  The bottom-line is that everything that the plaintiff recites as

facts is, at best, grossly misconstrued and, at worst, just plain false.  SJU makes these points in

response:

- As a private university, SJU is not subject to the due process requirements of the

    Fourteenth Amendment to the United States Constitution.  *Harris v. Saint*

    *Joseph's Univ.*, No. 13-3937, 2014 WL 1910242, at *2 (E.D. Pa. May 13, 2014);

*Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001);

*Reardon v. Allegheny Coll.*, 926 A.2d 477, 480 (Pa. Super. Ct. 2007).

- As a private university, SJU is not required to provide a "full-dress judicial hearing" subject to the rules of evidence, with a right of cross-examination and representation by counsel during disciplinary proceedings.  *Doe v. The Trustees of the University of Pennsylvania*, 270 F. Supp. 3d 799, 813 (E.D. Pa. 2017) (citing Pennsylvania law).

- John was fully informed in advance that the investigation to be conducted by Elizabeth Malloy, a lawyer and a trained investigator, was his opportunity to be heard, regardless of whether the process was called an investigation or a hearing. Neither SJU's Sexual Misconduct Policy ("SMP") nor the law entitled John to a hearing in addition to Malloy's investigation.[1]

- John was fully informed and knew that if he had any questions about the SMP process, there were identified people whom he could ask.[2]

- John knew exactly what Jane Roe's complaint against him was, because Malloy, as investigator, told him what it was – that he was accused of squeezing Jane's neck while they were making out to the point that she was scared and asked her

---

[1] The SMP, a copy of which is attached as Exhibit "1," provides a comprehensive explanation of the investigation process at 30-31, section V.B.1.  The SMP never mentions a hearing separate from the investigation conducted by the assigned investigator.

[2] A signed and dated copy of SJU's pre-investigation checklist, as marked as an exhibit at John's deposition, is attached as Exhibit "2."  The checklist, which John reviewed paragraph-by-paragraph and initialed during his March 6, 2018 meeting with Emily Forte, identifies Forte and William Bordak as contacts for any questions that John may have had about the SMP process. See Pre-Investigation Checklist, Exhibit "2," at 4 of 4.

-2-

friend to meet her.[3]  In fact, at his deposition, John agreed that Malloy told him

as much during her investigation.[4]

- Malloy told John that, according to Jane, his conduct bruised her neck.[5]

- Regardless of whether Malloy shared with John the text messages that Jane

  provided to her, John already knew the content of the messages between Jane

  and him, and the only content of the messages between Jane and her friend

  pertained to Jane's request that her friend come meet her at John's dormitory.[6]

- Under the SMP[7] and The Family Educational Rights and Privacy Act of 1974

  ("FERPA"),[8] John had no entitlement to Jane's disciplinary records during the

  SMP process, just like Jane had no entitlement to John's.

- Under Pennsylvania law[9] and The Health Insurance Portability and

  Accountability Act ("HIPAA"),[10] during the SMP process, neither John, SJU,

---

[3] Elizabeth Malloy Dep., Exhibit "3," at 92:20-24.

[4] John Doe Dep., Exhibit "4," at 107:23-108:7.

[5] Elizabeth Malloy Dep., Exhibit "3," at 200:24-201:12.

[6] A copy of the screenshots of Jane Roe's text messages with her friends that she provided Elizabeth Malloy during the investigation is attached as Exhibit "5."

[7] The SMP is clear that a student is only able to review "their own record only" during the course of the investigation and is not entitled access to anyone else's record.  SMP, Exhibit "1," at 32-33, ¶ 4.

[8] 20 U.S.C. §§ 1232g(b) & (d); 34 C.F.R. § 99.30.

[9] The Pennsylvania Mental Health Procedures Act ("MHPA"), 50 P.S. § 7111, protects the confidentiality of patients seeking treatment and specifies that the release of any privileged communications require a patient's written consent.  Additionally, Pennsylvania's physician-client privilege prohibits any treating physician from disclosing information obtained from the patient without the consent of the patient.  42 Pa. C.S. § 5929.

[10]  42 U.S.C. § 1320d-6(a).

nor Malloy had any entitlement to Jane's mental health and medical records. Similarly, neither Jane, SJU, nor Malloy had any entitlement to John's mental health and medical records. Moreover, even during this litigation, this Court refused to allow John access to those types of records.

- There is no evidence whatsoever of any gender bias on the part of SJU or Malloy as the investigator. The SMP applies equally to males, females and individuals who do not identify with the gender binary.[11] The SMP does not include any presumptions in favor a complainant and against a respondent, or vice versa. Regarding Malloy, as to the 19 SMP investigations that she performed at SJU where the respondents were male students, she found 9 males to be responsible and 10 males to be NOT responsible. Those statistics offer affirmative proof of the absence of any gender bias whatsoever.

Moreover, SJU incorporates herein by reference the papers relating to its Motion for Summary Judgment in this action (Dkt. No. 58) and any reply brief that it may file. The undisputed facts stated therein – which are supported by record evidence in this action – demonstrate that SJU is entitled to summary judgment on all of plaintiff's claims and that plaintiff is not entitled to summary judgment on SJU's counterclaim.

## II.  ARGUMENT

### A.  SJU will be entitled to an award of attorneys' fees if it prevails in its defense of John's Title IX claim and the other claims that John filed against SJU.

SJU's counterclaim should not be dismissed for a simple and straightforward reason – under civil rights law, SJU is entitled to an award of attorneys' fees as a matter of law if it should prevail in its defense of John's Title IX claim in this action.  42 U.S.C. § 1988(b); *See, e.g.*,

---

[11] Mary-Elaine Perry Dep., Exhibit "6," at 239:11-18.

*Hensley v. Eckerhart*, 568 U.S. 424, 429 (1983) ("Accordingly, a prevailing [party] 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'").  Indeed, SJU would be entitled not only to an award of attorneys' fees incurred in its defense of John's Title IX claim, but it would also be entitled to an award of attorneys' fees incurred in its defense of John's claims that are pendent to John's Title IX claim.  *Maher v. Gagne*, 448 U.S. 122, 132 (1980) (holding prevailing party entitled to attorney's fees for "non-civil-rights claim pendent to a substantial constitutional claim…").

Although § 1988(b) does not create an independent cause of action for attorneys' fees, it nonetheless entitles SJU to recover the substantial costs it has incurred throughout this litigation.

**B.      SJU is entitled to its counterclaim because John's claims against SJU are unlikely to be successful.**

Furthermore, SJU's counterclaim should not be dismissed because John is not likely to prevail in this action, for the reasons set forth here and in SJU's Motion for Summary Judgment (Dkt. No. 58).  The reasons set forth in SJU's motion for summary judgment are incorporated herein by reference and will not be repeated here.

III.   <u>**CONCLUSION**</u>

For the reasons stated above, John's Motion for Summary Judgment on SJU's

counterclaim should be denied.

MONTGOMERY McCRACKEN
WALKER & RHOADS LLP
1735 Market Street
Philadelphia, PA  19103
215-772-1500
*Attorneys for Defendant*
*Saint Joseph's University*

Dated: October 8, 2018          By: *s/ John M. Myers*
JOHN M. MYERS
jmyers@mmwr.com
215-772-7535 (direct dial)

ALBERT L. PICCERILLI
apiccerilli@mmwr.com
215-772-7590 (direct dial)

ROBERT H. BENDER, JR.
rbender@mmwr.com
215-772-7595 (direct dial)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 18-cv-2044 |
| | : | |
| SAINT JOSEPH'S UNIVERSITY and | : | |
| JANE ROE, | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, ROBERT H. BENDER, JR., hereby certify that a true and correct copy of the

foregoing Defendant Saint Joseph's University's Opposition to Plaintiff John Doe's Motion for

Summary Judgment on SJU's Counterclaim is this day being served upon the following in the

manner set forth below.

### *Via ECF and Electronic Mail*

Edward J. Schwabenland, Esquire
SCHWABENLAND & RYAN, PC
995 Old Eagle School Road #306
Wayne, PA 19087
eschwab@sandrlaw.com
*Attorney for Plaintiff John Doe*

John Mirabella, Esquire
MIRABELLA LAW FIRM
1600 Market Street, Suite 1810
Philadelphia, PA 19103
john@mirabellalawfirm.com
*Attorneys for Plaintiff John Doe*

Susan R. Engle, Esquire
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS LLP
Centre Square, West Tower
1500 Market Street, Suite 4100
Philadelphia, PA 19102
single@defensecounsel.com
*Attorney for Co-Defendant Jane Roe*

Dated: October 8, 2018                    *s/ Robert H. Bender*
                                          ROBERT H. BENDER, JR.