IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE | CIVIL ACTION |
| vs. | NO. 2:18-CV-02044 |
| ST. JOSEPH'S UNIVERSITY and JANE ROE | |

**DEFENDANT JANE ROE'S SUR-REPLY TO PLAINTIFF'S
AMENDED BRIEF IN OPPOSITION TO HER MOTION FOR
SUMMARY JUDGMENT**

Defendant Jane Roe offers the following Memorandum to the Court in order to address several items raised by Plaintiff John Doe (hereinafter referred to as "Doe") in his Amended Brief in Opposition her Motion for Summary Judgment.

In his Brief (as in this entire litigation), Doe's counsel makes great efforts to attack Roe, someone Doe has already victimized by his physical actions, calling her reports as false, suggesting she fabricated the whole incident, and offering various convoluted explanations for the presence of the bruises surrounding her neck. Yet nowhere in the 35-page brief is there citation to the record of Doe clearly, explicitly and unequivocally denying that he forcefully squeezed Roe's neck, made her frightened or caused her to be unable to breathe. For that matter, Doe offers no other record evidence contradicting that he forcefully squeezed Roe's neck, made her frightened or caused her to be unable to breathe – other than Doe's one statement to Ms. Malloy during the initial investigation that "I don't remember doing that."

Doe has had ample opportunity both during the initial SJU investigation, his appeal of that investigation's findings and during this litigation to outright and

unequivocally deny that such incident occurred and offer evidence indicating that Roe's statements are untrue, but he has failed to do so. Rather, he has chosen to attempt to mislead the Court with unfounded attacks on Roe, citation to irrelevant portions of the record, and criticism of the SJU investigation system in order to suggest that there is a dispute of fact concerning the truth of Roe's statements. Whether it is deliberately misleading or simply uninformed is not clear, but what is clear is that it is wrong.

Initially, Doe belabors the issue that in several of Roe's statements she used the word "choke." Roe does not deny using such word on those occasions. However, such statement still is not false or untrue. This is a red herring. The term "choke" as Roe used it is synonymous with her other statements recounting the incident – using force to squeeze her neck, frightening her, and causing her to be unable to breathe. Again, Doe has offered no evidence contradicting that Roe felt at the time that her neck was squeezed with force, that she was frightened, or unable to breathe.

Next, Doe offers an alternative explanation for how the bruising occurred suggesting that it was actually caused the evening following the subject incident, from a fall down the steps. Citing that following such fall she required "medical attention" (conveniently omitting that injuries were to her hand and nothing to do with her neck, and that there was no impact involving her head or neck), and offering the late-produced report of a physician opining that the bruises seen on photographs taken Monday could not possibly have been caused by the incident in questing that occurred the prior Friday evening merely by looking at other photographs, Plaintiff argues that – aha! Roe's statements that Doe squeezed her neck must be untrue because bruises seen days later may have been caused by a different incident or for different reasons. Such logic is

faulty and misleading to the Court. Even if the bruising seen on Monday's photographs was caused by some reason other than the subject incident, such does not contradict Doe's statements, nor does it indicate or even suggest that Doe did not forcibly squeeze Roe's neck, that she was frightened or unable to breathe. Such "evidence" does not demonstrate a material fact dispute. As such, there is no reason for Roe's Motion for Summary Judgment to be denied.

Additionally, it his Response Brief, Plaintiff disputes the applicability of absolute privilege here, claiming that it cannot be used here since the case "involves an entirely private grievance procedure," and citing Harris v. St. Joseph's Univ., an unpublished / unreported 2014 District Court Opinion for such proposition. In doing so, Plaintiff ignores the precedent of Dempsey v. Bucknell University, 76 F. Supp.3d 565 (M.D.Pa. 2015), cited in Movant's Brief, in which a quasi-judicial absolute privilege was held to apply in a situation involving a private university grievance procedure.

Moreover, Harris expressly recognized that the possibility of a "common interest" privilege applied in such circumstances to bar recovery by the Plaintiff for allegedly defamatory statements by a victim to investigators of an alleged sexual assault. The Court there stated:

> Under Pennsylvania statutory law, someone accused of defamation may assert the affirmative defense of "the privileged character of the occasion on which [the allegedly defamatory comment] was published." Aydin Corp. v. RGB Sales, 1991 WL 152465, *10 (E.D.Pa.1991) (citing 42 Pa.C.S. § 8343(b)(2)). As defendants and plaintiff appear to acknowledge, see Univ. Defs.' Br. 26 (citing Aydin Corp.); Pl.'s Br. 34 (citing Aydin Corp.), "[s]uch a conditional privilege attaches where the circumstances are such that facts exist which another sharing such common interest is entitled to know" and further, "a communication must be made on a proper occasion, with a proper motive, in a proper manner, and based upon reasonable cause," see Aydin Corp., 1991 WL 152465, at *10

Harris, 2014 WL 1910242 at *9.

Here, certainly, even if a quasi-judicial privilege is not seen to apply Defendant Doe's statements to investigators fall within such "common good" privilege: the circumstances are such that SJU authorities had reason and were entitled to know of such facts of potential sexual assault expressed in the statements sharing a common interest with Roe (and the public at large); such on a proper occasion, with a proper motive, in a proper manner, and based upon reasonable cause (all as set forth in Roe's Initial Brief).

Accordingly, Roe's statements are protected by privilege, and Summary Judgment should be granted in her favor on Plaintiff's Defamation claims.

With regard to Plaintiff's claims of Tortious Interference of Contract against Roe, Plaintiff's Brief offers no argument or evidence in support of such claims here, nor does Plaintiff contradict any of the law or arguments offered by Doe in support of her Motion for Summary Judgment. Simply put, there is no evidence that Doe intended to harm the relationship between Plaintiff and SJU; her actions and statements were justified and protected by privilege; and Plaintiff has not demonstrated any damage to the relationship. Indeed the only damage to the relationship between Plaintiff and SJU that resulted was caused by Plaintiff himself – in instituting the instant litigation and repeatedly casting aspersions towards accusing SJU of improprieties. As such Summary Judgment should be granted in Roe's favor on Plaintiff's Tortious Interference claim.

Plaintiff has been determined to be the perpetrator of a sexual assault according to SJU's definition following an impartial and fair investigation and appeals process, which found Defendant Roe to be credible and did not find her statements to be untrue. The Court should not countenance his efforts to excuse his actions by blaming everyone other

than himself – including his victim -- and allow his case against Roe to proceed forward upon zero evidence.

For these reasons, in addition to those discussed in Movant's initial Brief, Summary Judgment should be entered in her favor on all claims.

                                    Respectfully submitted,.

                        **MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: /s/ Steven N. Cherry
      STEVEN N. CHERRY, ESQUIRE
      Attorney for Defendant, JANE ROE
      Centre Square, West Tower
      1500 Market Street
      Suite 4100
      Philadelphia, PA 19102
      (215) 735-7200
      **MSZL&M File No. 004150.000009**

## CERTIFICATE OF SERVICE

I, STEVEN N. CHERRY, ESQUIRE, do hereby certify that a true and correct copy of the within Sur-Reply was forwarded by the Court's Electronic Notification on the 19th day of October, 2018 as follows:

Edward J. Schwabenland, Esquire
SCHWABENLAND & RYAN, P.C.
955 Old Eagle School Road
Suite 306
Wayne, PA 19087

Robert H. Bender, Esquire
MONTGOMERY McCRACKEN
1735 Market Street
21st Floor
Philadelphia, PA 19103

John M. Myers, Esquire
MONTGOMERY McCRACKEN
1735 Market Street
21st Floor
Philadelphia, PA 19103

                                                             /s/ Steven N. Cherry
                                                          STEVEN N. CHERRY, ESQUIRE